Filed 1/31/14  P. v. Spoonmore CA3

<u>**NOT** **TO** **BE** **PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C074458 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13-2094) |
| v. | |
| RICHARD LEE SPOONMORE, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we note defendant Richard Lee Spoonmore[1] is entitled to presentence credit and shall affirm the judgment as modified. We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

---

[1]  We note the record identifies defendant's middle name as Lee, and direct the trial court to correct the abstract to include same.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2013, officers from the West Sacramento Police Department contacted defendant in response to a report of a subject walking around in an agitated state.[2]  Upon performing a records check on defendant, the officers determined that he was required to register pursuant to Penal Code section 290 et seq.[3]  Defendant had last registered with the Eureka Police Department in May 2012 and he had not registered at his West Sacramento residence of four to five months.  In April 1988 in South Dakota, defendant had been committed to an indeterminate term for first degree rape.

Defendant pleaded no contest to failure to update sex offender registration after change of address (§ 290.013, subd. (a)) and admitted the South Dakota prior serious felony conviction (§§ 667, subds. (b)-(i), 1170.12).

Defendant requested immediate sentencing.  Thus, on July 9, 2013, he was committed to state prison for a stipulated upper term of three years, doubled for the prior strike, for a total of six years, and was ordered to pay a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $300 restitution fine suspended unless parole is revoked (*id.*, § 1202.45), a $40 court operations fee (*id.*, § 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).  In lieu of awarding presentence credits, the trial court ordered the probation department to prepare a credits memo.

Defendant appealed on August 7, 2013; a certificate of probable cause was denied without prejudice on August 8, 2013.  (§ 1237.5.)  On September 3, 2013, defendant filed a second notice of appeal and requested a certificate of probable cause, which was granted the same day.

_____

[2]  Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report.

[3]  Undesignated statutory references are to the Penal Code.

# *WENDE* REVIEW

We appointed counsel to represent defendant on appeal.  Counsel made a nonappearance motion asking the trial court to award presentence credits pursuant to section 2900.5, subdivision (d).  In response, the Yolo County Superior Court Appeals Clerk filed a declaration asserting that the credits memo (postsentence probation report) is submitted along with the abstract of judgment to the Department of Corrections and Rehabilitation; it is not the court's policy to amend the minute order or abstract of judgment after postsentence reports are delivered.

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief contending that counsel had "made clear to [him] that the current conviction can not be enhanced from [the] prior 1988 case," evidently because the prior conviction is not a "strike" but "only [a] prior felony."  Thus, defendant claims his prison sentence should be three years, not six; and his postsentence custody credits should not be limited to 20 percent.

But as part of the plea, defendant stipulated that the 1988 prior was a strike that would "double[] any sentence" and limit his postsentence credits to 20 percent.  The parties agreed that, in exchange for the plea and stipulation, another strike allegation from a 1998 prior conviction would be dismissed.  By entering the plea, defendant avoided the prospect of being sent to prison for life.  Counsel could have realized that any infirmity in the 1988 strike prior would not have aided defendant because, if the plea and dismissal were set aside, the 1998 strike prior would remain available to support a doubled sentence.  Defendant's claim is more appropriately decided in a habeas corpus proceeding.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

3

Our review indicates that defendant is entitled to presentence credit. The postsentence probation report indicates that defendant was in presentence custody from May 23, 2013, through sentencing on July 9, 2013, a period of 48 days. The report indicates that, pursuant to the current version of section 4019, defendant is entitled to 48 days of conduct credit.[4] We shall modify the judgment to award defendant these presentence credits.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified to award defendant 48 days of custody credit and 48 days of conduct credit, for a total of 96 days of presentence credit. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment that includes defendant's middle name, Lee, and to forward a certified copy to the Department of Corrections and Rehabilitation.


      BUTZ      , Acting P. J.

We concur:


    MAURO    , J.


    HOCH    , J.

---

[4] Appellate counsel's letter to the trial court requested 24 days of conduct credit, not 48 days of credit. Similarly, defendant's supplemental brief suggests he is entitled to only "50% pre[sentence]" credit. Because the offense occurred in 2013, following the most recent amendment of section 4019, defendant is entitled to 48 days of conduct credit for a total of 96 days of credit.